WILLIAM MEICKE, ADMINISTRATOR OF ELIZABETH MEICKE, ALSO KNOWN AS ELIZABETH MICHAEL, DECEASED, RESPONDENT, v. SILK CITY NEWS COMPANY, INCORPORATED, APPELLANT, AND WILLIAM MANKETO, DEFENDANT.

Submitted October 26, 1929—Decided May 19, 1930.

For the appellant, *John W. Ockford.*

For the respondent, *Humphreys & Sumner.*

The opinion of the court was delivered by

BODINE, J. Suit was brought under the New York statute for injuries sustained by reason of the death of Elizabeth Meicke. Mrs. Meicke was struck and killed in New York City January 18th, 1928, by a car driven by Edmund Adamchesky.

The defendant Silk City News Company, Incorporated, appeals because a nonsuit was not granted or a verdict directed in its favor. The case turns on whether the relation of master and servant existed between Adamchesky and the defendant. This question was submitted to the jury in a clear and concise charge.

Adamchesky had testified that he had gone to New York to get papers for a man named Manketo, who owned the car he was driving at the time of the accident and who paid him his wages. He had, however, also testified that he was employed by the defendant Silk City News Company, whose business was the delivery of newspapers; that on the day in question he had gone from the office of the Silk City News Company, in Paterson, to New York to obtain a supply of Graphics; that some of these Graphics he was to deliver so that they might be relayed to the news company's Paterson office and the others he was to distribute among the news company's Bergen county customers. The witness testified that Manketo owned the news company. This statement, of course, was not proof of the fact and was later controverted; but it does appear that bills for papers delivered by the witness were sent out in the name of the Silk City News Company, and that the papers he delivered from time to time were the papers of that company. The mere fact that Manketo was not a stockholder of the Silk City News Company, but was its secretary and that the company generally conducted operations in Paterson and that the Bergen county operations were conducted by Manketo, does not deprive a jury of its

right to pass upon the evidence adduced and to weigh it and find where the truth lies.

The trial judge charged as follows: "The only way that a person not the driver of the car can be made liable is that the driver of the car was in a legal sense an agent or servant of that defendant. That does not necessarily mean that there must exist a written contract of employment between the two or that anything need be evidenced by any formality, such as a written contract. But the relationship of master and servant is not necessarily created by any written document. It may be created by circumstances as they exist. The test as to whether there is a relationship of master and servant is that the driver, the so-called servant, was at the time of the accident engaged in something for the master. * * * So the question for your determination is whether the evidence has disclosed by a fair preponderance of the evidence that the driver was, technically speaking, a servant of the news company, that is, whether he was doing something for the news company, and that at its request or by its acquiescence or by its permission. If he was, then, of course, the news company would be liable for the acts of their so-called servant."

Under the testimony adduced, we think this was proper. The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.